INHABITANTS OF RANDOLPH *vs.* INHABITANTS OF NORTON.

A citizen living three years successively, under an arrangement between all concerned, upon land of which he has paid the price, and which has been conveyed to a third person, who has given a bond to convey the same to him upon his paying a certain sum for the house thereon, and to permit him meanwhile to receive the rents and profits thereof to his own use, has an estate of inheritance therein in trust, and gains a settlement under the Rev. Sts. *c.* 45, § 1, *cl.* 4.

ACTION OF CONTRACT for the support as paupers of Oliver W. Vinton and his wife and children in 1858 and 1859. The defendants admitted that Vinton's lawful settlement was in Norton before March 1856, but contended that he then acquired one in Randolph. The case was submitted to the judgment of the court upon facts agreed, which are stated in the opinion.

*E. Ames*, for the plaintiffs.

*C. I. Reed*, for the defendants.

METCALF, J. It has been decided that under the Rev. Sts. *c.* 45, § 1, *cl.* 4, a citizen gains a settlement in a town by having therein an estate of inheritance or freehold in trust, and living thereon three years successively. *Scituate* v. *Hanover*, 16 Pick. 222. So it was decided, under *St.* 1793, *c.* 34, § 2, *cl.* 4, (which was repealed in 1822,) that a citizen gained a settlement in a town by having therein an estate of inheritance or freehold in trust, of a certain clear yearly income, and taking the rents and profits thereof three years successively, whether he lived thereupon or not. *Orleans* v. *Chatham*, 2 Pick. 29. And the main question in the present case is, whether the pauper Vinton had such an estate in Randolph, and lived thereon three successive years.

The facts are these: In February 1853, Vinton took possession of a house which he had purchased of Salmon Buck, but had not paid for, and which he had removed and placed on a lot of land, for the purchase of which he had made an oral agreement with Joseph Linfield, but of which he received no deed; and he has ever since lived in that house on that land. In March 1853, Vinton paid Linfield for the land, and in pursuance of an arrangement made by all concerned, Linfield

gave a deed of the land, in fee, to Buck, and Buck thereupon gave a bond to Vinton, the condition of which was, that he would give a deed of the land to Vinton on his paying Buck a note that he had made to him for the estimated price of the house ($ 25) and which was payable on the 1st of April 1856. It was also provided in the condition of the bond, that Buck should permit Vinton, until such deed should be given to him, to receive to his own use the rents and profits of the premises. In March 1856, Buck conveyed the land, with the house thereon, to Vinton, by a warranty deed, to hold to him, his heirs and assigns forever.

What estate in the premises had Vinton during the three years from March 1853 to March 1856? According to the decision in *Scituate* v. *Hanover*, above cited, from which this case seems to us not to be distinguishable, he had an estate of inheritance in trust, that is, he was *cestui que trust* of such an estate. The bond for a deed of the premises, which was given to him by Buck, with permission to him to take the rents and profits to his own use until the deed should be given, is to be regarded as a written declaration of trust.

*Plaintiffs nonsuit.*